Argued May 28, affirmed July 8, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
KYLE, *Appellant, and* KYLE (No. 400-525),
*Respondent.*

537 P2d 585

*Donald W. Andrews,* Portland, argued the cause for appellant. With him on the brief was David C. Bond, Portland.

*George M. Jenks,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Appellant-husband appeals from those portions of a dissolution of marriage decree awarding custody of the minor children to respondent-wife and awarding support to the wife. The husband makes three assignments of error: (1) the court erred in treating an allegation that the wife was a fit and proper person to be awarded custody of the children in the husband's original petition[1] for dissolution of marriage as a judicial admission against the husband; (2) the court erred in awarding the minor children to the wife; and (3) the court erred in awarding support to the wife in the absence of evidence of need.

The husband's first assignment of error is not well taken. The husband's admission in the original pleading that the wife was a proper and fit parent was introduced into evidence on cross-examination of the husband. No objection to such testimony was made, and the judge properly considered it as any other evidence. In any event, we agree with the conclusion of the trial judge that the wife was a proper and fit parent to be awarded custody.

---

[1] The husband filed an amended complaint in which he alleged he was a fit and proper parent and asked for custody of the children.

■ In the husband's third assignment of error he contends that the court erred in awarding support to the wife because the wife did not offer evidence as to her need. He concedes in his brief that he did offer some evidence of her need.

There being evidence in the record to justify an award, the court was entitled to make the award regardless of who introduced the evidence.

■ Lastly, in her brief the wife refers to her "cross-appeal," and contends that the portion of the decree which prohibits removing the minor children from the jurisdiction without court authorization interferes with her right to travel. An examination of the record shows that no cross-appeal was actually filed by the wife. Accordingly the above contention is not before us.

Affirmed. No costs to either party.